UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WELLINGTON MARCELINO
OLIVEIRA,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

CASE NO. C26-1445JLR

ORDER

## I.   INTRODUCTION

Before the court is Petitioner Wellington Marcelino Oliveira's petition for a writ
of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 1).)  The Government[1] opposes

---

[1] The Federal Respondent is the Immigration Customs Enforcement ("ICE") Field Office Director (referenced herein as the "Government").  (*See generally* Pet.)  The proper respondent, however, for a § 2241 petition is "the person who has custody over" the petitioner.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243) (internal quotation marks omitted); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigration detainee's direct custodian was not named as respondent).  Because Petitioner represents that he is currently detained at the Northwest ICE Processing

ORDER - 1

the petition. (Return[2] (Dkt. # 5).) Petitioner did not file a traverse. (*See generally* Dkt.) The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the petition.

## II.    BACKGROUND

Petitioner is a citizen of Brazil currently detained at the Northwest ICE Processing Center ("NWIPC"). (Pet. at 1; Reed Decl. (Dkt. # 6) ¶ 4.) On October 22, 2020, the United States Border Patrol ("USBP") encountered Petitioner at or around Antelope Wells, New Mexico, without any valid entry documents. (*Id*.) USBP transferred Petitioner to the Lordsburg New Mexico Border Patrol Station for processing. (*Id*. ¶ 5.) On October 23, 2020, the Government issued Petitioner a Notice to Appear and placed him in immigration proceedings. (Steveson Decl. (Dkt. # 7) ¶ 3, Ex. B (Notice to Appear).) Subject to the Migration Protection Protocol (the "Remain in Mexico" policy), the Government then returned Petitioner to Mexico to await an immigration hearing. (*Id*. ¶ 2, Ex. A (2020 I-213 Form) at 4.)

Petitioner subsequently re-entered the United States in November 2021. (Stevenson Decl. ¶ 2, Ex. C (2026 I-213 Form) at 2.) On October 12, 2024, the Mendon Police Department arrested Petitioner for operating a vehicle with a revoked license; those charges were later dismissed. (Reed Decl. ¶ 7.) On March 10, 2026, the San Francisco Sheriff's Office arrested Petitioner for hit and run, death or injury and those

Center, the proper respondent for this action is the individual in charge of that facility. Accordingly, the Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest ICE Processing Center, as a Respondent in this action.
    [2] Interested Non-Party United States of America filed the return. (*See generally* Dkt.)

ORDER - 2

charges remain pending.  (*Id*. ¶ 8.)  On March 15, 2026, pursuant to the Safe Third Country Agreement, the Canada Border Services Agency returned Petitioner to the Sumas, Washington, Port of Entry after they denied him entry into Canada.  (*Id*. ¶ 9.)  On March 17, 2026, the Government placed Petitioner in federal custody and transferred him to the NWIPC.  (*Id*. ¶ 10.)  On April 20, 2026, an Immigration Judge ("IJ") held a master hearing for Petitioner during which Petitioner stated that he did not wish to apply for any forms of relief.  (*Id*. ¶ 12.)  The IJ ordered Petitioner removed to Brazil and Petitioner reserved appeal to the Board of Immigration Appeals.  (*Id*. ¶ 12; Steveson Decl. ¶ 3, Ex. D (IJ Order).)  Petitioner has not appealed the IJ's order.  (Reed Decl. ¶ 12.)

On April 20, 2026, Petitioner filed the instant habeas petition under 8 U.S.C. § 2241 seeking his immediate release from federal custody or, in the alternative, a bond hearing.  (*See generally* Pet.)  On May 27, 2026, the Government filed a notice of intent to remove Petitioner to Brazil.  (5/27/26 Not. (Dkt. # 9).)  The petition is now fully briefed and ripe for the court's consideration.

### III.    ANALYSIS

Habeas petitioners must provide by preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Using a standardized form petition that lacks individualized arguments, Petitioner requests supervised release pending the final resolution of his case, or, alternatively, an order directing the Government to provide a bond hearing.  (Pet. at 2.)  The Government asserts that the court should deny Petitioner habeas relief because he is subject to

ORDER - 3

mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  (*See generally* Return.)  The court determines Petitioner is not entitled to supervised release or a bond hearing for the reasons set forth below.

The Government considers Petitioner to be subject to detention under § 1225.  (*Id*. at 3.)  Petitioner does not provide an argument as to which section of the Immigration Nationality Act governs his detention, and he does not appear to challenge the statutory basis for his detention.  (*See generally* Pet.)  Rather, the substance of Petitioner's claim is that the Government should not be permitted to continue to hold him in federal custody because he is neither a threat to the community nor a poor bail risk.  (*See generally id*.)  The court therefore assumes Petitioner is subject to § 1225 without considering the merits of the Government's argument and considers his requests under that framework.

"U.S. immigration law authorizes the Government to detain certain [noncitizens] seeking admission into the country under §§ 1225(b)(1) and (b)(2)."  *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Specifically, the Government may detain noncitizens for removal proceedings if an immigration officer determines that they are not clearly and beyond a doubt entitled to admission to the United States.  *Id*. at 288; 8 U.S.C. § 1225(b)(2)(A).  "Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention" under § 1225.  *Toktosunov v. Wamsley*, No. C25-1724TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025).  Courts in this district have adopted the *Banda* test to assess when such detention violates due process.  *See, e.g., Hong v. Mayorkas*, No. C20-01784LK, 2022 WL 1078627, at *5 (W.D. Wash. Apr. 11, 2022) (citing *Banda v. McAleenan*, 385

ORDER - 4

F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).  Under *Banda*, a court evaluates the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the Government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id*.

Courts in this District consider the length of detention to be the most important factor of the *Banda* test.  *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. C18-1669RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019); *Hong*, 2022 WL 1078627, at *5.  "[D]etention that has lasted longer than six months is more likely to be 'unreasonable,' and thus contrary to due process, than detention of less than six months."  *Martinez*, 2019 WL 5968089, at *9 (citation omitted)).

Here, the Government may continue to detain Petitioner pending removal proceedings.  *Jennings*, 583 U.S. at 289; 8 U.S.C. § 1225(b)(2)(A).  Furthermore, as to the *Banda* factors: (1) the Government has detained Petitioner for fewer than three months (*see* Reed Decl. ¶ 9); (2) Petitioner's future lengthy detention is unlikely as the Government has already filed a notice of intent to remove Petitioner with 72 hours (*see* 5/27/26 Not.); (3) Petitioner is imprisoned; (4) the Government does not assert that Petitioner has delayed removal proceedings (*see generally* Return); (5) Petitioner does not identify any delays occasioned by the Government (*see generally* Pet.); and (6) there is a final order of removal (*see generally* IJ Order).  Because the Government has

ORDER - 5

detained Petitioner for fewer than three months, the first and most important factor favors denying Petitioner's request for bond. *Martinez*, 2019 WL 5968089, at *9 (citation omitted). The second, fifth, and sixth factors also favor denying Petitioner's request for a bond hearing because they do not support the inference that the Government has acted unreasonably. Only the third and fourth factors weigh in Petitioner's favor. Thus, the court concludes that Petitioner's detention has not become unreasonable.

## IV.   CONCLUSION

Accordingly, the court DENIES Petitioner's petition and request for habeas relief (Dkt. # 1) without prejudice to Petitioner refiling a future petition as appropriate circumstances warrant.

Dated this 1st day of June, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6